UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JESSICA SOTO,

        Plaintiff,

v.                                                                   Case No. 5:19-cv-568-Oc-MAP

COMMISSIONER OF SOCIAL SECURITY,

        Defendant.
_____/

## **ORDER**

This is an appeal of the Social Security Administration's (SSA) final decision terminating Plaintiff's disability insurance benefits (DIB).[1]  *See* 42 U.S.C. § 405(g).  Plaintiff argues substantial evidence does not support the Administrative Law Judge's (ALJ) determination that she experienced medical improvement as of December 3, 2015, and is no longer disabled.  After considering Plaintiff's arguments, Defendant's response, and the administrative record, I find the ALJ did not apply the proper standards, and her decision is not supported by substantial evidence (docs. 14, 18, 19).  I remand.

    *A. Background*

On May 5, 2013, Plaintiff, a thirty-two-year-old high school graduate with past work experience as a cosmetologist, waitress, and food sales clerk, sustained significant injuries in an automobile accident.  In an initial level disability determination on October 18, 2013, the Social Security Administration (SSA) found Plaintiff, who was unable to walk without assistance due to injuries she suffered in the automobile accident, had the severe impairments of a back disorder and

---

[1] The parties have consented to my jurisdiction.  *See* 28 U.S.C. § 636(c).

1

a skull fracture and medically equaled the requirements of Listing 1.04B (spine disorders) (R. 62-68). As a result, the SSA awarded Plaintiff benefits beginning May 5, 2013. Years later, in accordance with regulations, the SSA reevaluated Plaintiff's entitlement to benefits, and determined Plaintiff's disability had ceased on December 3, 2015. (*See* R. 83).

In the decision at issue in this appeal, the ALJ concluded Plaintiff had medically improved since her last comparison point decision (CPD)[2] and has the residual functional capacity (RFC) to perform sedentary work these additional limitations:

> The claimant can lift or carry (and push or pull) 10 pounds occasionally (up to one-third of the workday) and less [sic] 10 pounds occasionally (up to two-thirds of the workday), stand or walk for 2 hours in an 8-hour workday; and sit for 6 hours in an 8-hour workday. The claimant can never climb ladders or scaffolds; can occasionally climb ramps and stairs; and, can occasionally stoop, kneel, crouch, and crawl. The claimant is precluded from climbing ladders, ropes and scaffolds, can occasionally climb ramps and stairs, and frequently balance, stoop, kneel, crouch, and crawl. The claimant can perform no more than occasional overhead work activity (reaching with her bilateral upper extremities). The claimant can have no exposure to work at unprotected heights or to operating [sic] a motor vehicle. Additionally, the claimant can perform simple tasks and make simple work-related decisions.

(R. 19). The ALJ found that, with this RFC, Plaintiff could work as a (food and beverage) telephone order clerk (hotel and restaurant); document preparer; and assembler, final (optical goods) (R. 27). Consequently, the ALJ concluded Plaintiff was no longer disabled and terminated her benefits. The Appeals Council denied review of the ALJ's decision. Plaintiff, having exhausted her administrative remedies, filed this action.

   B.  *Standard of Review*

An ALJ typically follows a five-step sequential inquiry when deciding whether an individual is disabled. The ALJ must determine whether the claimant (1) is currently employed

---

[2] A CPD is the most recent final agency decision holding that the claimant is disabled. The parties agree the October 2013 decision is the applicable CPD.

or engaging in substantial gainful activity; (2) has a severe impairment; (3) has an impairment or combination of impairments that meets or medically equals one listed in the regulations; (4) can perform past relevant work; and (5) retains the ability to perform any work in the national economy. 20 C.F.R. § 404.1520. Courts review the Commissioner's final decisions to determine if they are supported by substantial evidence and based on proper legal standards. *Crawford v. Comm'r of Soc. Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Substantial evidence consists of "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." *Id.* (quotations omitted). The claimant bears the burden of persuasion through step four, and at step five the burden shifts to the Commissioner. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

A claimant's continued entitlement to disability benefits must be reviewed periodically. 20 C.F.R. § 404.1594(a). And when an ALJ is determining whether a disability has ended, the regulations mandate following a different sequential inquiry. *See* 20 C.F.R. § 404.1594(f). This sequential inquiry requires an ALJ to determine:

(1) Whether the claimant is engaged in substantial gainful activity;

(2) If not gainfully employed, whether the claimant has an impairment or combination of impairments which meets or equals a listing;

(3) If impairments do not meet a listing, whether there has been medical improvement;

(4) If there has been improvement, whether the improvement is related to the claimant's ability to do work;

(5) If there is improvement related to a claimant's ability to do work, whether an exception to medical improvement applies;

(6) If medical improvement is related to the claimant's ability to do work or if one of the first group of exceptions to medical improvement applies, whether the claimant has a severe impairment;

(7) If the claimant has a severe impairment, whether the claimant can perform past relevant work; and

(8) If the claimant cannot perform past relevant work, whether the claimant can perform other work.

*See* 20 C.F.R. § 404.1594(f); *Gombash v. Comm'r of Soc. Sec. Admin.*, 566 F. App'x 857, 858-59 (11th Cir. 2014). In a cessation of benefits case, the burden is on the Commissioner to prove that the claimant is no longer disabled as of the cessation date because the Plaintiff has experienced "medical improvement." *Olivo v. Colvin*, No. 6:16-cv-259-Orl-40JRK, 2017 WL 708743, at *2 (M.D. Fla. Jan. 30, 2017).

### C. Discussion

Plaintiff asserts the ALJ's finding that she experienced medical improvement as of December 3, 2015, is not based on the correct legal standard and is not supported by substantial evidence. The regulations define medical improvement as "any decrease in the medical severity of [the claimant's] impairment(s) which was present at the time of the most recent favorable medical decision that [she] [w]as disabled . . ." 20 C.F.R. § 404.1594(b)(1). A finding that there has been a decrease in medical severity "must be based on changes (improvement) in the symptoms, signs and/or laboratory findings associated with [the claimant's] impairments." *Id*. More specifically, to determine if there has been medical improvement, the Commissioner must compare the medical evidence supporting the most recent final decision holding that the claimant is disabled with new medical evidence. *McAulay v. Heckler*, 749 F.2d 1500, 1500 (11th Cir. 1985);

4

*Klaes v. Comm'r of Soc. Sec. Admin.*, 499 F. App'x 895, 896 (11th Cir. 2012); *see* 20 C.F.R. § 404.1594(c)(1). To this end, a CPD is "the most recent favorable medical decision . . . involving a consideration of the medical evidence and the issue of whether you were disabled or continue to be disabled which became final." 20 C.F.R. § 404.1594(b)(7). The regulations require an ALJ to compare a claimant's CPD with his current medical condition to determine if there has been medical improvement in the claimant's impairments since the CPD and, if so, whether the medical improvement is related to the claimant's ability to work. 20 C.F.R. §§ 404.1594(a), (b)(1).

The Eleventh Circuit has emphasized that a cursory comparison is insufficient; the ALJ must "actually compare" the new evidence to the evidence upon which the claimant was originally found to be disabled. *Freeman v. Heckler*, 739 F.2d 565, 566 (11th Cir. 1984); *see also Vaughn v. Heckler*, 727 F.2d 1040, 1043 (11th Cir. 1984). Without a comparison of the old and new evidence, there can be no adequate finding of improvement. *Id*. Indeed, the failure to make such comparison requires reversal and remand for application of the proper legal standard. *Id*.; *see Klaes*, 499 F. App'x at 896 (citing *Vaughn* and noting that, if the ALJ fails to evaluate the prior medical evidence and make the comparison to the new evidence, courts must reverse and remand for application of the proper legal standard).

In Plaintiff's case, the ALJ failed to engage in the proper comparison of the original medical evidence and new medical evidence. The ALJ found that "[a]t the time of the CPD, the claimant had clinical diagnoses of spine and skull fractures, an intracerebral hemorrhage, and a pulmonary contusion; she required a walker to ambulate, and walked slowly with a right-sided limp; she was unable to stand without holding on to the walker; and, she had right and left paraspinous tenderness and moderate spasm of her thoracic and lumbar spine (Exhibit 6B/4)" (R. 18). Exhibit 6B is the SSA Disability Hearing Officer's October 18, 2016, decision that

summarized the medical evidence at the time of the CPD and compared it with the newer evidence available at the time of her review (R. 106-110). However, the ALJ's mere reference to the CPD in setting forth her findings does not equate to a comparison of the original medical evidence and the new medical evidence required to make a finding of medical improvement. *See Freeman*, 739 F.2d at 566; *Jasper v. Colvin*, No. 8:16-cv-727-T-23AEP, 2017 WL 655528, at *4 (M.D. Fla. Jan. 31, 2017) (report and recommendation), *adopted at* 2017 WL 638389 (Feb. 16, 2017).

In support of her step three finding, the ALJ primarily relied on post-CPD medical records and other record evidence dating from 2015 through 2017, despite that Plaintiff's CPD and the records on which it was based from the date of Plaintiff's accident through the date of the initial disability finding are contained in the current administrative record. *See* Exhibits 1F-8F. The following is the entirety of the ALJ's discussion of Plaintiff's medical improvement:

> At the time of the CPD, the claimant had clinical diagnoses of spine and skull fractures, an intracerebral hemorrhage, and a pulmonary contusion; she required a walker to ambulate, and walked slowly with a right-sided limp; she was unable to stand without holding on to the walker; and, she had right and left paraspinous tenderness and moderate spasm of her thoracic and lumbar spine (Exhibit 6B/4).
> On December 5, 2016 and March 27, 2017, however, Dr. Aggarwal noted that the claimant had normal balance, normal strength in her lower extremities, and no tenderness-to-palpation of her back (Exhibit 16F/15, 18).
> Thus, the medical evidence supports a finding that, by December 3, 2015, there had been a decrease in medical severity of the impairments present at the time of the CPD.

(R. 18). Tellingly, the medical records the ALJ references in this section all post-date Plaintiff's CPD by three years, belying the Commissioner's argument that the ALJ conducted a meaningful review of the old and the new evidence. The ALJ did not reference the original medical evidence at all. Rather, she referred instead to the Disability Hearing Officer's October 18, 2016 decision that summarized the evidence pre-dating the CPD and the current evidence (Ex. 6B). In another section of her decision, the ALJ referred to the SSA's initial Disability Determination Explanation,

a document prepared by Pamela Wehler, SDM (single decision maker) who found Plaintiff disabled for satisfying Listing 1.04B (Ex. 1A/6).  The administrative record contains much of the original medical evidence (R. 339-604), but the ALJ does not cite to it.

In light of all this, I find that at step three, the ALJ did not substantively compare the prior and current medical evidence to determine whether it showed changes in the symptoms, signs, or laboratory findings associated with Plaintiff's impairments, as required by 20 C.F.R. § 404.1594(c)(1) and Eleventh Circuit precedent.  Accordingly, the Commissioner has not met his burden of proving Plaintiff is no longer disabled.  Given that the ALJ's decision did not apply the proper legal standards, the decision of the Commissioner is reversed and remanded for further administrative proceedings to apply the proper legal standards in determining whether Plaintiff experienced medical improvement.  *See e.g. Ambler v. Saul*, 2020 WL 733183 (E.D. N.C. Jan. 24, 2020) (citing *Veino v. Barnhart*, 312 F.3d 578 (2d Cir. 2002) (finding ALJ who relied on disability hearing officer's summary of evidence from CPD had erred in concluding medical improvement occurred because "that summary is not evidence and may not form the basis for the ALJ's finding of medical improvement").

*Conclusion*

For the reasons stated above, the ALJ's decision is not supported by substantial evidence. It is ORDERED:

> (1) The ALJ's decision is REVERSED AND REMANDED for further administrative proceedings consistent with this Order; and

    (2) The Clerk of Court is directed to enter judgment for Plaintiff and close the case.

DONE and ORDERED in Tampa, Florida on July 20, 2020.

                                                    */s/ Mark A. Pizzo*
                                                    MARK A. PIZZO
                                                    UNITED STATES MAGISTRATE JUDGE